# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv261

| | |
|---|---|
| GEORGE TURMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| EATON CORPORATION, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court is Plaintiff's response to the Court's Show Cause Order [# 46]. After Plaintiff failed to respond to discovery, Defendant moved to compel Plaintiff to respond to its discovery requests. Plaintiff did not respond to the Motion to Compel. The Court then granted Defendant's motion and ordered Plaintiff to respond to Defendant's discovery requests. The Court also directed Plaintiff to show cause why it should not award Defendant its costs, including its reasonable attorneys' fees, pursuant to Rule 37(a)(5)(A). Plaintiff filed a brief response to the Court's Show Cause Order stating that he did not respond to the discovery requests as the result of an automobile accident. The Court **AWARDS** Defendant its reasonable costs incurred in filing the Motion to Compel.

**I.  Analysis**

Rule 37 provides that if a court grants a motion to compel or the discovery is provided after the party files the motion, the court <u>must</u> require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including

attorneys' fees, after providing the party an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). An exception to this rule is where the opposing party's nondisclosure was substantially justified or circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). The party facing an award of expenses under Rule 37 has the burden of persuasion to show that an award is not justified. Carr v. Deeds, 453 F.3d 593, 602 (4th Cir. 2006); Proa v. NRT Mid Atlantic, Inc., 633 F. Supp. 2d 209, 213 (D. Md. 2009); 8B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2288 (3d ed. 2010). A party satisfies the substantially justified standard where there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988); 8B Wright et al., supra §2288.

Defendant served Plaintiff with the discovery requests at issue on December 8, 2010. The parties agreed to an extension of time until January 31, 2011, to respond. On January 15, 2011, Plaintiff was involved in an automobile accident. Plaintiff contends that this accident "rendered Plaintiff incapable of complying with the Defendant's discovery request in a timely manner." (Pl.'s Mot. Show Cause at 1.) Plaintiff, however, fails to explain how the accident rendered him unable to respond. The only facts as to the severity of the accident offered by Plaintiff are that on February 23, 2011, over a month after the accident, Plaintiff sought medical treatment for neck and back pain from a doctor in South Carolina and saw a chiropractor in mid February. (Ex. 2 to Pl.'s Mot. Show Cause.) Plaintiff does not provide any other

details about the accident, the injuries he sustained, or how those injuries prevented him from responding to Defendant's discovery requests over the next two months.

Moreover, Plaintiff offers no explanation as to why his counsel could not respond to Defendant's discovery requests on his behalf or move the Court for an extension of time to respond if Plaintiff was unable to respond to discovery after this accident. Accordingly, the Court finds that Plaintiff's nondisclosure was not substantially justified and the circumstances do not make an award of expenses unjust. The Court **AWARDS** Defendant its "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

The Court **DIRECTS** the parties to confer in an attempt to resolve the issue of expenses amicably. If the parties cannot agree as to the reasonable expenses, Defendant shall file an accounting of its expenses, including attorneys' fees, incurred in filing its Motion to Compel by April 29, 2011. Defendant should also submit affidavits setting forth the number hours counsel reasonably expended filing the Motion to Compel, the hourly rate charged, and the prevailing market rate in the relevant community. See Robinson v. Equifax Information Servs., LLC, 560 F.3d 235, 243-244 (4th Cir. 2009); Neves v. Neves, 637 F. Supp. 2d 322, 340 (W.D.N.C. 2009) (Reidinger, J.). Plaintiff shall have until May 6, 2011, to file specific objections to the expenses requested by Defendant. The Court will then calculate the award of attorneys' fees by multiplying the number of reasonable hours expended by counsel times the reasonable hourly rate. Robinson, 560 F.2d at 243. In determining what constitutes a reasonable number of hours and rate, the Court shall consider:

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at 243-44 (quoting Barber v. Kimbrell's Inc., 577 F.2d 216, 266 n.28 (4th Cir. 1978)).

## II. Conclusion

The Court **AWARDS** Defendant its reasonable expenses incurred in filing the Motion to Compel. The Court **DIRECTS** the parties to confer in an attempt to resolve the issue of expenses amicably. If the parties cannot agree as to the reasonable amount of expenses, Defendant shall file its requests for expenses and all supporting documentation by April 29, 2011. Plaintiff shall have until May 6, 2011, to file specific objections. The Court **DIRECTS** the Clerk to **TERMINATE** the submission of the Motion for Order to Show Cause [# 46].

Signed: April 19, 2011

Dennis L. Howell
United States Magistrate Judge